# EXHIBIT A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

LDD / ALL
Transmittal Number: 9684488
Date Processed: 03/08/2012

| Primary Contact: | Ms. Dana Bennett- MP 209 |
| | Lockheed Martin Corporation |
| | 6801 Rockledge Drive |
| | Bethesda, MD 20817 |

| | |
|---|---|
| Entity: | Lockheed Martin Corporation |
| | Entity ID Number  1895442 |
| Entity Served: | Lockheed Martin Corporation |
| Title of Action: | Jeanine Theroux vs. Lockheed Martin Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Termination |
| Court/Agency: | San Diego County Superior Court, California |
| Case/Reference No: | 37-2012-00092982-CU-WT-CTL |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/08/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Corey P. Hanrahan |
| | 619-230-1234 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

Joshua D. Gruenberg, Esq. SB #163281
Corey P. Hanrahan, Esq. SB #256835
LAW OFFICE OF
**JOSHUA D. GRUENBERG**
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-3542
TELEPHONE: (619) 230-1234
TELECOPIER: (619) 230-1074

Attorneys for Plaintiff,
**JEANINE THEROUX**

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
2012 FEB 28  PM 2: 36
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**FILED**
Clerk of the Superior Court
FEB 28 2012
By:_____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

JEANINE THEROUX, an individual,

Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, an unknown business entity, and DOES 1 through 25, Inclusive,

Defendants.

Case No.: 37-2012-00092982-CU-WT-CTL

PLAINTIFF'S COMPLAINT FOR:

1. RETALIATION IN VIOLATION OF PUBLIC POLICY [18 U.S.C.A. § 1001];
2. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY [18 U.S.C.A. § 1001];
3. RETALIATION IN VIOLATION OF PUBLIC POLICY [18 U.S.C.A. § 1031];
4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY [18 U.S.C.A. § 1031];
5. RETALIATION IN VIOLATION OF PUBLIC POLICY [31 U.S.C.A. § 3729];
6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY [31 U.S.C.A. § 3729];
7. RETALIATION IN VIOLATION OF PUBLIC POLICY [48 C.F.R. 1852.227-86];
8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY [48 C.F.R. 1852.227-86];
9. RETALIATION BASED ON USE OF OF FAMILY MEDICAL LEAVE [CAL. GOV'T CODE § 12945.2];
10. DISABILITY DISCRIMINATION [CAL. GOV'T CODE § 12940(a)];
11. FAILURE TO ACCOMMODATE [CAL. GOV'T CODE § 12940(m)];
12. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [CAL. GOV'T CODE § 12940(n)];
13. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

1

2 _____ [JURY TRIAL DEMANDED]

3      COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

4      **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

5  1.   Plaintiff, JEANINE THEROUX, (hereinafter "Plaintiff" or "THEROUX") is a natural

6       person who is, and at all relevant times was, a resident of the United States and a

7       domiciliary of the State of California.

8  2.   Plaintiff is informed and believes and thereon alleges that Defendant, LOCKHEED

9       MARTIN CORPORATION (hereinafter "Defendant" or "LOCKHEED MARTIN "), is an

10      unknown business entity doing business in the State of California, County of San Diego.

11 3.   Plaintiff is ignorant to the true names and capacities of the Defendants sued herein as

12      DOES 1 through 25 and therefore sues these defendants by such fictitious names.

13      Plaintiff will amend this Complaint to allege the true names and capacities when they are

14      ascertained.

15 4.   Plaintiff is informed and believes and thereon alleges that each fictitiously named

16      Defendant is responsible in some manner for the occurrences herein alleged, and

17      Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally

18      caused by Defendant.

19 5.   Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are

20      somehow responsible for the acts alleged herein as the agents, employers, representatives

21      or employees of other named Defendant, and in doing the acts herein alleged were acting

22      within the scope of their agency, employment or representative capacity of said named

23      Defendant.

24 6.   The tortious acts and omissions alleged herein were performed by management level

25      employees of Defendant.  Defendant allowed and/or condoned a continuing pattern of

26      discriminatory practices.

27 7.   18 U.S.C.A. § 1001 prohibits falsifying, concealing, covering up, or making a materially

28      false, fictitious or fraudulent statement or representation.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

8.  18 U.S.C.A. § 1031 prohibits knowingly defrauding the United States, or obtaining money or property by means of false or fraudulent pretenses, representations or promises.

9.  31 U.S.C.A. § 3729 prohibits any person from knowingly presenting a false for fraudulent claim for payment or approval to the United States.

10.  48 C.F.R. 1852.227-86 makes it unlawful for a contractor of a vendor's software to use the vendor's software to use the software with more than one computer simultaneously, unless otherwise permitted by the license.

11.  Plaintiff THEROUX filed her charge with the California Department of Fair Employment and Housing ("DFEH") on February 6, 2012, and thereafter on that same day received from the DFEH her "right to sue," which are collectively attached hereto as "EXHIBIT A."

## SPECIFIC FACTUAL ALLEGATIONS

12.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

13.  Plaintiff began her employment with Defendant on or about November 29, 1999. At that time, Plaintiff was working for Defendant in Eagan, Minnesota. On or about June 15, 2005, Defendant transferred Plaintiff to San Diego, California, in the position of Technical Trainer Senior.

14.  During Plaintiff's employment, she performed the duties of her job in a capable and competent manner.

15.  However, during Plaintiff's employment, she came to learn that Defendant was violating several laws with regard to, *inter alia*, it's contract with the United States Federal Government. During Plaintiff's employment, Defendant was under contract with the United States Federal Government. The contract between Defendant and the United States Federal Government was titled the Po Sheng project. By way of example, but not as an exhaustive list, Plaintiff learned of the following violations of law by Defendant:

   a.  On or about March 1, 2008, Plaintiff came to learn Defendant had allowed several computers being used by Defendant's employees on the Po Sheng project to be

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1 stolen or lost by Defendant's employees.  In response, Defendant requested

2 additional monies from the United States Government to purchase replacement

3 computer.  The computer which were stolen by Defendant's employees were

4 purchased with monies from the United States Government, and were therefore

5 property of the United States Government.  In response to learning that several of

6 the computers had been stolen or lost by Defendant, Plaintiff advised Defendant

7 that it must inform the United States Government that the computers had been

8 either stolen or lost, since the computers contained highly confidential United

9 States Government data.

10 b. In or around May of 2008, Plaintiff came to learn that one of Defendant's

11 employees, Dana Hawkins, was overcharging Defendants, and thereby

12 overcharging the United States Government, on the Po Sheng project.  Plaintiff

13 came to learn that Hawkins would report on her timecard many more hours than

14 she had actually worked.  After learning this, Plaintiff complained to Defendant

15 about Hawkins' conduct, and advised Defendant that Hawkins, and thereby

16 Defendant as Hawkins' employer, was providing false documentation to the

17 United States Government.  Plaintiff also advised Defendant that it was receiving

18 more money that it was entitled to by way of payment from the United States

19 Government, since the United States Government was overpaying Defendant

20 based on Hawkins' intentionally inaccurate over reporting of her hours worked.

21 c. In or around summer of 2005 Plaintiff came to learn that Defendant was illegally

22 using Pretty Good Privacy ("PGP") licenses.  Plaintiff came to learn that

23 Defendant was using licensed software on more computers than its agreement with

24 the licensee allowed.  Plaintiff advised Defendant that it was against the law for it

25 to continue using the licenses on more computers than it was authorized to do.

26 Plaintiff also informed Defendant that her job responsibility was to track software

27 licenses use on Defendant's computers, and Defendant had failed to maintain a

28 proper protocol for her to do so.

16.   In response to Plaintiff's complaints, Defendant became extremely frustrated and angry with Plaintiff, and began to retaliate against her.  In retaliation, and as an example but not as an exhaustive list, Defendant took the following retaliatory actions against Plaintiff:

    a.   In or around September of 2008, Defendant began to exclude Plaintiff from important and vital meetings, including those related to the PGP licenses.

    b.   In or around February of 2009, Defendant began to exclude Plaintiff from important emails concerning her job responsibilities.

    c.   On or about July 17, 2007, Defendant removed Plaintiff's administrative rights. Plaintiff needed those administrative rights to perform the duties of her employment.

    d.   On or about December 2, 2008, Defendant informed Plaintiff that her training position for the year 2009 had not been funded, and Plaintiff was moved to a lesser position, as a Desktop Support Specialist.  Plaintiff later came to learn that her trainer position for the year 2009 had in fact been funded.

    e.   On or about February 2, 2010, Defendant placed Plaintiff on a performance improvement plan ("PIP") based on allegations that she was did not know how to communicate with other employees.  However, Plaintiff previously reported to Defendant that several of its employees on Plaintiff's team would converse in Spanish while at work regarding what she believed to be work responsibilities, and that Plaintiff did not speak Spanish and could therefore not understand what these individuals were saying.

    f.   On or about May 22, 2010, Plaintiff was falsely accused Plaintiff of not following another employee's directions.

17.   During her employment, Plaintiff was also the subject of bullying from many of Defendant's other employees.  This bullying, in addition to the retaliation Plaintiff was suffering caused her to suffer from stress.

18.   Thereafter, due to Defendant's retaliatory conduct, Plaintiff was forced to take disability/medical leave beginning on or about May 29, 2010 due to the stress she was

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    suffering.  Thereafter, in or around the summer of 2010, Plaintiff's medical treatment

2    provider diagnosed her with Post Traumatic Stress Disorder.

3    19.  Plaintiff was on short-term disability leave from May 29, 2010 to Nov 29, 2010.

4    Thereafter, on November 30, 2010 Plaintiff was on long-term disability.  Plaintiff is still

5    on long-term disability at this time.

6    20.  On or about May 31, 2011, Defendant, by way of its employee John Wash, informed

7    Plaintiff that her employment was terminated.  At no time did Defendant make an effort

8    to determine if Plaintiff would be able to return to work without accommodation.

9    Similarly, at no time prior to terminating Plaintiff did Defendant make any inquiry to

10   determine if Plaintiff would be able to return to work with accommodation, and to

11   determine if those accommodations that Plaintiff needed would be reasonable.

12                          **FIRST CAUSE OF ACTION**

13                              **RETALIATION**

14                           **[18 U.S.C.A. § 1001]**

15   21.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in

16   the preceding paragraphs as though fully set forth herein.

17   22.  Defendant, by and through its employees and agents, engaged in conduct that, taken as a

18   whole, materially and adversely affected the terms and conditions of Plaintiff's

19   employment, as stated herein.

20   23.  Plaintiff believes and thereon alleges that her complaints and opposition to Defendant

21   failing to notify the United States Government that its computers which were part of the

22   Po Sheng project had been lost or stolen, which contained confidential information of the

23   United States Government, and complaints and opposition to Defendants knowingly

24   allowing its employee to overcharge the United States Government for work done on the

25   Po Sheng project were motivating reasons for Defendant engaging in conduct that, taken

26   as a whole, materially and adversely affected the terms and conditions of Plaintiff's

27   employment.

28   24.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    sustained and continues to sustain substantial losses in earnings, employment benefits,

2    employment opportunities, and Plaintiff has suffered other economic losses in an amount

3    to be determined at time of trial. Plaintiff has sought to mitigate these damages.

4    25.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

5    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

6    mental and physical pain and anguish, all to her damage in a sum to be established

7    according to proof.

8    26.    As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

9    to recover punitive and exemplary damages in an amount commensurate with Defendant's

10   wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

11   ## SECOND CAUSE OF ACTION

12   ## WRONGFUL TERMINATION

13   ### [18 U.S.C.A. § 1001]

14   27.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

15   the preceding paragraphs as though fully set forth herein.

16   28.    Defendant terminated Plaintiff's employment.

17   29.    Plaintiff believes and thereon alleges that her complaints and opposition to Defendant

18   failing to notify the United States Government that its computers which were part of the

19   Po Sheng project had been lost or stolen, which contained confidential information of the

20   United States Government, and complaints and opposition to Defendants knowingly

21   allowing its employee to overcharge the United States Government for work done on the

22   Po Sheng project were motivating reasons for Defendant terminating her employment.

23   30.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

24   sustained and continues to sustain substantial losses in earnings, employment benefits,

25   employment opportunities, and Plaintiff has suffered other economic losses in an amount

26   to be determined at time of trial. Plaintiff has sought to mitigate these damages.

27   31.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

28   suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1   mental and physical pain and anguish, all to her damage in a sum to be established

2   according to proof.

3   32.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

4         to recover punitive and exemplary damages in an amount commensurate with Defendant's

5         wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

6                            **THIRD CAUSE OF ACTION**

7                                  **RETALIATION**

8                             **[18 U.S.C.A. § 1031]**

9   33.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

10        the preceding paragraphs as though fully set forth herein.

11  34.   Defendant, by and through its employees and agents, engaged in conduct that, taken as a

12        whole, materially and adversely affected the terms and conditions of Plaintiff's

13        employment, as stated herein.

14  35.   Plaintiff believes and thereon alleges that her complaints and opposition to Defendant

15        failing to notify the United States Government that its computers which were part of the

16        Po Sheng project had been lost or stolen, which contained confidential information of the

17        United States Government, and complaints and opposition to Defendants knowingly

18        allowing its employee to overcharge the United States Government for work done on the

19        Po Sheng project were motivating reasons for Defendant engaging in conduct that, taken

20        as a whole, materially and adversely affected the terms and conditions of Plaintiff's

21        employment.

22  36.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

23        sustained and continues to sustain substantial losses in earnings, employment benefits,

24        employment opportunities, and Plaintiff has suffered other economic losses in an amount

25        to be determined at time of trial. Plaintiff has sought to mitigate these damages.

26  37.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

27        suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

28        mental and physical pain and anguish, all to her damage in a sum to be established

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1   according to proof.

2   38.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

3   to recover punitive and exemplary damages in an amount commensurate with Defendant's

4   wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

**FOURTH CAUSE OF ACTION**

**WRONGFUL TERMINATION**

**[18 U.S.C.A. § 1031]**

8   39.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

9   the preceding paragraphs as though fully set forth herein.

10   40.   Defendant terminated Plaintiff's employment.

11   41.   Plaintiff believes and thereon alleges that her complaints and opposition to Defendant

12   failing to notify the United States Government that its computers which were part of the

13   Po Sheng project had been lost or stolen, which contained confidential information of the

14   United States Government, and complaints and opposition to Defendants knowingly

15   allowing its employee to overcharge the United States Government for work done on the

16   Po Sheng project were motivating reasons for Defendant terminating her employment.

17   42.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

18   sustained and continues to sustain substantial losses in earnings, employment benefits,

19   employment opportunities, and Plaintiff has suffered other economic losses in an amount

20   to be determined at time of trial. Plaintiff has sought to mitigate these damages.

21   43.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

22   suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

23   mental and physical pain and anguish, all to her damage in a sum to be established

24   according to proof.

25   44.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

26   to recover punitive and exemplary damages in an amount commensurate with Defendant's

27   wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

28   ///

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

# FIFTH CAUSE OF ACTION

## RETALIATION

### [31 U.S.C.A. § 3729]

45.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

46.  Defendant, by and through its employees and agents, engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment, as stated herein.

47.  Plaintiff believes and thereon alleges that her complaints and opposition to Defendant failing to notify the United States Government that its computers which were part of the Po Sheng project had been lost or stolen, which contained confidential information of the United States Government, and complaints and opposition to Defendants knowingly allowing its employee to overcharge the United States Government for work done on the Po Sheng project were motivating reasons for Defendant engaging in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

48.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

49.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

50.  As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

///

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION

#### [31 U.S.C.A. § 3729]

51. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

52. Defendant terminated Plaintiff's employment.

53. Plaintiff believes and thereon alleges that her complaints and opposition to Defendant failing to notify the United States Government that its computers which were part of the Po Sheng project had been lost or stolen, which contained confidential information of the United States Government, and complaints and opposition to Defendants knowingly allowing its employee to overcharge the United States Government for work done on the Po Sheng project were motivating reasons for Defendant terminating her employment.

54. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

55. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

56. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

## SEVENTH CAUSE OF ACTION

### RETALIATION

#### [48 C.F.R. 1852.227-86]

57. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    58.   Defendant, by and through its employees and agents, engaged in conduct that, taken as a

2          whole, materially and adversely affected the terms and conditions of Plaintiff's

3          employment, as stated herein.

4    59.   Plaintiff believes and thereon alleges that her complaints and opposition to Defendant

5          failing to notify the United States Government that its computers which were part of the

6          Po Sheng project had been lost or stolen, which contained confidential information of the

7          United States Government, and complaints and opposition to Defendants knowingly

8          allowing its employee to overcharge the United States Government for work done on the

9          Po Sheng project were motivating reasons for Defendant engaging in conduct that, taken

10         as a whole, materially and adversely affected the terms and conditions of Plaintiff's

11         employment.

12   60.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

13         sustained and continues to sustain substantial losses in earnings, employment benefits,

14         employment opportunities, and Plaintiff has suffered other economic losses in an amount

15         to be determined at time of trial. Plaintiff has sought to mitigate these damages.

16   61.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

17         suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

18         mental and physical pain and anguish, all to her damage in a sum to be established

19         according to proof.

20   62.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

21         to recover punitive and exemplary damages in an amount commensurate with Defendant's

22         wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

### EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### [48 C.F.R. 1852.227-86]

26   63.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

27         the preceding paragraphs as though fully set forth herein.

28   64.   Defendant terminated Plaintiff's employment.

65.  Plaintiff believes and thereon alleges that her complaints and opposition to Defendant failing to notify the United States Government that its computers which were part of the Po Sheng project had been lost or stolen, which contained confidential information of the United States Government, and complaints and opposition to Defendants knowingly allowing its employee to overcharge the United States Government for work done on the Po Sheng project were motivating reasons for Defendant terminating her employment.

66.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

67.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

68.  As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

## NINTH CAUSE OF ACTION

### RETALIATION BASED ON USE OF OF FAMILY MEDICAL LEAVE

### [CAL. GOV'T CODE § 12945.2]

69.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

70.  Defendant, by and through its employees and agents, engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment, as stated herein, including terminating Plaintiff's employment. .

71.  Plaintiff believes and thereon alleges that her use of medical leave for her own serious health condition was a motivating reason for Defendant engaging in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    employment, up to and including terminating her employment.

2    72.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

3    sustained and continues to sustain substantial losses in earnings, employment benefits,

4    employment opportunities, and Plaintiff has suffered other economic losses in an amount

5    to be determined at time of trial. Plaintiff has sought to mitigate these damages.

6    73.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

7    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

8    mental and physical pain and anguish, all to her damage in a sum to be established

9    according to proof.

10   74.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

11   to recover punitive and exemplary damages in an amount commensurate with Defendant's

12   wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

13   75.   In addition to such other damages as may properly be recovered herein, Plaintiff is

14   entitled to recover prevailing party attorney fees.

15              <u>**TENTH CAUSE OF ACTION**</u>

16              **DISABILITY DISCRIMINATION**

17              **[CAL. GOV'T CODE § 12940(a)]**

18   76.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

19   the preceding paragraphs as though fully set forth herein.

20   77.   Defendant was aware of Plaintiff's mental disability that limited her ability to work.

21   78.   Plaintiff suffered from the mental disability alleged herein.  However, Plaintiff was able

22   to perform her essential job duties with reasonable accommodation.

23   79.   Defendant terminated Plaintiff's employment.

24   80.   Plaintiff believes and thereon alleges that her mental disability was a motivating reason

25   for Defendant terminating her employment.

26   81.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

27   sustained and continues to sustain substantial losses in earnings, employment benefits,

28   employment opportunities, and Plaintiff has suffered other economic losses in an amount

1    to be determined at time of trial. Plaintiff has sought to mitigate these damages.

2  82.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

3    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

4    mental and physical pain and anguish, all to her damage in a sum to be established

5    according to proof.

6  83.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

7    to recover punitive and exemplary damages in an amount commensurate with Defendant's

8    wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

9  84.   In addition to such other damages as may properly be recovered herein, Plaintiff is

10    entitled to recover prevailing party attorney fees.

11              <u>**ELEVENTH CAUSE OF ACTION**</u>

12                **FAILURE TO ACCOMMODATE**

13                **[CAL. GOV'T CODE § 12940(m)]**

14  85.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

15    the preceding paragraphs as though fully set forth herein.

16  86.   Plaintiff had a mental disability that allowed her to work with accommodation.  Upon the

17    expiration of Plaintiff's leave, Defendant did not inquire into any accommodations

18    required by Plaintiff.

19  87.   Defendant did not reasonably accommodate Plaintiff's mental disability.

20  88.   Plaintiff believes and thereon alleges that Defendant terminated her because of her mental

21    disability.

22  89.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

23    sustained and continues to sustain substantial losses in earnings, employment benefits,

24    employment opportunities, and Plaintiff has suffered other economic losses in an amount

25    to be determined at time of trial. Plaintiff has sought to mitigate these damages.

26  90.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

27    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

28    mental and physical pain and anguish, all to her damage in a sum to be established

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    according to proof.

2  91.    As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

3    to recover punitive and exemplary damages in an amount commensurate with Defendant's

4    wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

5  92.    In addition to such other damages as may properly be recovered herein, Plaintiff is

6    entitled to recover prevailing party attorney fees.

7                **TWELFTH CAUSE OF ACTION**

8       **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

9             **[CAL. GOV'T CODE § 12940(n)]**

10  93.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

11    the preceding paragraphs as though fully set forth herein.

12  94.    Plaintiff had a mental disability that allowed her to work with accommodation.  Upon the

13    expiration of Plaintiff's leave, Defendant did not inquire into any accommodations

14    required by Plaintiff.

15  95.    Defendant did not engage in a timely, good faith, interactive process with Plaintiff to

16    determine effective reasonable accommodations.

17  96.    Plaintiff believes and thereon alleges that Defendant terminated her because of her mental

18    disability.

19  97.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

20    sustained and continues to sustain substantial losses in earnings, employment benefits,

21    employment opportunities, and Plaintiff has suffered other economic losses in an amount

22    to be determined at time of trial. Plaintiff has sought to mitigate these damages.

23  98.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

24    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

25    mental and physical pain and anguish, all to her damage in a sum to be established

26    according to proof.

27  99.    As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

28    to recover punitive and exemplary damages in an amount commensurate with Defendant's

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

2    100.  In addition to such other damages as may properly be recovered herein, Plaintiff is

3    entitled to recover prevailing party attorney fees.

4    **THIRTEENTH CAUSE OF ACTION**

5    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

6    101.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in

7    the preceding paragraphs as though fully set forth herein.

8    102.  Defendant's intentional conduct, as stated herein, was outrageous and done for the

9    purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and

10   physical distress.

11   103.  Defendant intended to cause Plaintiff to suffer emotional distress, or acted with reckless

12   disregard of the probability that Plaintiff would suffer emotional distress, knowing that

13   Plaintiff was present when the conduct occurred.

14   104.  As a proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress,

15   including, but not limited to, loss of sleep, extreme stress, anxiety, humiliation, and

16   mental anguish.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

**WHEREFORE**, Plaintiff prays for the following relief:

1.   For compensatory damages, including loss of wages, promotional opportunities, benefits and other opportunities of employment, according to proof;

2.   For special damages in an amount according to proof;

3.   For punitive damages in an amount necessary to make an example of and to punish defendants, and to deter future similar misconduct;

4.   For mental and emotional distress damages;

5.   For back pay, front pay and other monetary relief;

6.   For costs of suit, including attorney's fees as permitted by law, including but not limited to those under California Government Code section 12653,

7.   For an award if interest, including prejudgment interest, at the legal rate as permitted by law;

8.   For such other and further relief as the Court deems proper and just under all the circumstances.

**PLAINTIFF JEANINE THEROUX** demands a jury trial on all issues in this case.

DATED: February 2̲8̲, 2012                LAW OFFICE OF JOSHUA D. GRUENBERG

_____
JOSHUA D. GRUENBERG, ESQ.
COREY P. HANRAHAN, ESQ.
Attorneys for Plaintiff,
**JEANINE THEROUX**

1
2
3
4
5
6
7
8                     **EXHIBIT A**
9
10  (1)      PLAINTIFF'S CHARGE FILED WITH THE DEPARTMENT OF FAIR
11           EMPLOYMENT AND HOUSING (DFEH)
12
13  (2)      PLAINTIFF'S RIGHT TO SUE LETTERS FROM THE DFEH
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

**EXHIBIT A**

# * * * EMPLOYMENT * * *

·COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # ___ **E201112H5403-00**

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **THEROUX, JEANINE** | **(612)414-4138** |

ADDRESS
**4758 WINONA AVENUE**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **SAN DIEGO, CA 92115** | **SAN DIEGO** | **073** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (include Area Code) |
|---|---|
| **LOCKHEED MARTIN CORPORATION** | **(858)268-3600** |

ADDRESS
**10325 MEANLEY DRIVE**

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **SAN DIEGO, CA 92131** | **SAN DIEGO** | **073** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| **100+** | **05/31/2011** | **00** |

THE PARTICULARS ARE:

I allege that on about or before
**05/31/2011** , the following
conduct occurred:

| | | |
|---|---|---|
| _X_ termination | ___ denial of employment | ___ denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denial of equal pay |
| ___ harassment | _X_ denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | ___ failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | _X_ retaliation | |
| ___ impermissible non-job-related inquiry | _X_ other (specify) Discrimination, Failure to engage in the interactive process | |

by    **LOCKHEED MARTIN CORPORATION**

Name of Person                    Job Title (supervisor/manager/personnel director/etc.)

because of :

| | | |
|---|---|---|
| ___ sex | ___ national origin/ancestry | _X_ disability (physical or mental) | _X_ retaliation for engaging in protected |
| _X_ age | ___ marital status | ___ medical condition (cancer or | activity or requesting a protected |
| ___ religion | ___ sexual orientation | genetic charcteristic | leave or accommodation |
| ___ race/color | ___ association | _X_ other (specify) For taking medical leave | |

State of what you
believe to be the
reason(s) for
discrimination

DURING MY EMPLOYMENT, I WAS DISCRIMINATED AGAINST BASED ON MY AGE. I WAS ALSO RETALIATED AGAINST FOR MAKING COMPLAINTS TO MY EMPLOYER THAT I WAS BEING SEXUALLY HARASSED. DUE TO THE HARASSMENT AND DISCRIMINATION, I WAS DIAGNOSED BY MY PHYSICIAN WITH PTSD, WHICH REQUIRED ME TO TAKE MEDICAL LEAVE. THEREAFTER, I WAS TERMINATED ON THE BASIS OF MY DISABILITY AND FOR MY NEED FOR MEDICAL LEAVE WHICH WAS NECESSITATED BY MY DISABILITY. ADDITIONALLY, AT THE TIME OF MY TERMINATION MY EMPLOYER DID NOT MAKE AN ATTEMPT TO DETERMINE IF I COULD RETURN TO WORK WITH ACCOMMODATION. RATHER IT TERMINATED MY EMPLOYMENT.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  **02/06/2012**

At  **San Diego**

DATE FILED:  **02/06/2012**

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# * * * EMPLOYMENT * * *

· COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE·CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    **E201112H5403-00**

DFEH USE ONLY

State of what you
believe to be the
reason(s) for
discrimination

DURING MY EMPLOYMENT, I WAS DISCRIMINATED AGAINST BASED ON MY AGE. I WAS ALSO RETALIATED
AGAINST FOR MAKING COMPLAINTS TO MY EMPLOYER THAT I WAS BEING SEXUALLY HARASSED. DUE TO
THE HARASSMENT AND DISCRIMINATION, I WAS DIAGNOSED BY MY PHYSICIAN WITH PTSD, WHICH ·
REQUIRED ME TO TAKE MEDICAL LEAVE. THEREAFTER, I WAS TERMINATED ON THE BASIS OF MY
DISABILITY AND FOR MY NEED FOR MEDICAL LEAVE WHICH WAS NECESSITATED BY MY DISABILITY.
ADDITIONALLY, AT THE TIME OF MY TERMINATION MY EMPLOYER DID NOT MAKE AN ATTEMPT TO
DETERMINE IF I COULD RETURN TO WORK WITH ACCOMMODATION. RATHER IT TERMINATED MY
EMPLOYMENT.



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                   EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      Phyllis W. Cheng, Director
4800 STOCKDALE HWY, SUITE 215, BAKERSFIELD, CA 93309
(661) 395-2729
www.dfeh.ca.gov

February 06, 2012

RE:   E201112H5403-00
      THEROUX/LOCKHEED MARTIN CORPORATION

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

*Mary L. Bonilla*

Mary Bonilla
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                          EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                       Phyllis W. Cheng, Director

4800 STOCKDALE HWY, SUITE 215, BAKERSFIELD, CA 93309
(661) 395-2729
www.dfeh.ca.gov

February 06, 2012

THEROUX, JEANINE
4758 WINONA AVENUE
SAN DIEGO, CA 92115

RE:   E201112H5403-00
      THEROUX/LOCKHEED MARTIN CORPORATION

Dear THEROUX, JEANINE:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 06, 2012 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Mary L. Bonilla*

Mary Bonilla
District Administrator

cc:   Case File


KATHY HYATT
HR BUSINESS PARTNER
LOCKHEED MARTIN CORPORATION
10325 MEANLEY DRIVE
SAN DIEGO, CA 92131

DFEH-200-43 (06/06)

1 | Vince M. Verde Calif. State Bar No. 202472
vince.verde@ogletreedeakins.com
2 | Allison C. Eckstrom, Calif. State Bar No. 217255
allison.eckstrom@ogletreedeakins.com
3 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
695 Town Center Drive, Suite 1500
4 | Costa Mesa, CA  92626
Telephone:  714-800-7900
5 | Facsimile:   714-754-1298

6 | Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

7

8

9

# UNITED STATES DISTRICT COURT

10

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12 | JEANINE THEROUX, an individual,

13 |            Plaintiff,

14 |      vs.

15 | LOCKHEED MARTIN
CORPORATION, an unknown business
16 | entity, and DOES 1 through 25, inclusive,

17 |            Defendants.

18

19

20

21

22

23

24

25

26

27

28

Case No.

**DECLARATION OF ELIZABETH
JONES IN SUPPORT OF
DEFENDANT'S NOTICE OF
REMOVAL**

*[Filed Concurrently Herewith: Notice of
Removal; Declaration of Allison C. Eckstrom in
Support of Removal; Notice of Related Cases;
Certificate of Interested Parties]*

Action Filed:   February 28, 2012

---

DECLARATION IN SUPPORT OF REMOVAL

### DECLARATION OF ELIZABETH JONES

I, Elizabeth Jones, hereby declare and state as follows:

1.     I am a Multi-Functional Human Resources Director of Defendant Lockheed Martin Corporation (the "Company"). In this position, I am familiar with the corporate records of the Company. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, I could and would competently testify thereto. To the extent this declaration is based upon business records, those records are kept in the regular course of business, entries are made on those records in a timely manner by people with knowledge of the information being entered, and it is the regular practice of the Company's business to maintain such records.

2.     I have access to and have reviewed the Company's payroll records related to the employment of Plaintiff Jeanine Theroux. At the time of her termination, Plaintiff's annual salary was $64,408.00.

I declare under penalty of perjury under the laws of California, Maryland, and the United States of America that the foregoing is true and correct.

Executed on April 5, 2012, at Orlando, Florida.

Elizabeth Jones

1

DECLARATION IN SUPPORT OF REMOVAL